IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                          Civ. No. 02-153 JC/WWD
                                                          Crim. No. 99-777 JC

GLENN E. DUGGINS,

      Defendant/Petitioner.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND
<u>RECOMMENDED DISPOSITION</u>

    1. This matter comes before the Court upon the Motion to Vacate Sentence and Set Aside Plea of Guilty filed under 28 U.S.C. § 2255 on February 8, 2002 by Defendant Glenn E. Duggins (*hereinafter* "Petitioner").

    2. Petitioner is incarcerated and is proceeding *pro se*. On May 2, 2001, pursuant to a plea agreement, Petitioner entered a plea of guilty to Count II of the sixth superceding indictment in this cause. The offense charged under 21 U.S.C. § 841 was conspiring with others to possess with intent to distribute more than one thousand kilograms of marijuana, which, for an offender with a previous drug felony conviction, carries a mandatory minimum sentence of 20 years. On April 16, 2001, the United States had filed an enhancement information under 21 U.S.C. § 851 charging Petitioner with prior felony drug convictions. On October 29, 2002, Petitioner was sentenced to 20 years in prison. The conviction was not appealed.

    3. In the present motion Petitioner asserts that he was denied the effective assistance of counsel in that his counsel did the following, to wit:

>(1) He persuaded Petitioner to waive his right to a suppression hearing on the seizure of marijuana which was the basis of the indictment.
>
>(2) He failed to seek dismissal of the indictment under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.
>
>(3) He failed to advise Petitioner of the consequences of his plea.
>
>(4) He failed to seek a competency hearing for Petitioner who had a history of mental disorders and was unable to assist counsel in his defense.
>
>(5) He failed to provide Petitioner with the Rule 16 discovery received from the United States in this case.

4.   Counsel's failure to file a motion to suppress is not de facto ineffective assistance of counsel. See Berrien v. Shanks, 149 F.3d 1190, 1998 WL 327857, at *1 (10th Cir. June 18,1998). The facts and circumstances of Petitioner's investigatory stop and the consent search then conducted are in no way effectively contested[1], and they present no issue justifying the filing of a motion to suppress the search preceding Petitioner's arrest.  Decisions concerning trial strategy, such as the filing of motions, only constitute ineffective assistance of counsel if they are completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy. See Hatch v. State of Okla., 58  F.3d 1447, 1459 (10th Cir.1995). Petitioner's first claim of ineffective assistance of counsel is without merit.

5.   Petitioner's second claim of ineffective assistance of counsel is based on counsel's failure to seek dismissal of the charges against Petitioner for failure to comply with The Speedy Trial Act, 18 U.S.C. § 3161(a)(1).  Petitioner was arrested March 27, 1999; indicted on July 8, 1999; and he entered his guilty plea to the Sixth Superseding Indictment on May 2, 2001.

---

[1] Petitioner does not contest Respondent's "Statement of the Case and Facts."

6. Either Petitioner or one of his eight co-defendants sought continuances on twelve or more occasions, and there were additional delays caused by psychological evaluations of Petitioner to determine his competence to stand trial.  Petitioner does not assert that the delay between his arrest and his plea prejudiced him in any way nor is any prejudice apparent.  Petitioner makes no showing that such a motion to dismiss for failure to grant a speedy trial should have been granted if made.

7. In making a showing of ineffective assistance of counsel Petitioner  "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 694 (1984).  There is no showing of any lapse of professional judgment for the failure of Petitioner's counsel to seek dismissal because of the denial of a speedy trial.   Conclusory allegations regarding counsel's alleged error in failing to seek such dismissal are insufficient.  See United States v. Mealy, 851 F.2d 890, 908 (7th Cir.1988) (conclusory allegations cannot satisfy prejudice prong of Strickland test).   Petitioner has the burden of identifying both factual and legal support for this claim, and he has failed to carry that burden.  Petitioner's second claim of ineffective assistance of counsel is without merit.

8. Petitioner's third claim of ineffective assistance of counsel is based on the assertion that Petitioner's counsel failed properly to advise Petitioner of the consequences of his plea in that Petitioner claims that he was advised by his counsel that he would be sentenced to 120 months imprisonment.

9. On April 16, 2001, a Notice of Information charging prior convictions pursuant to the provisions of 21 U.S.C. § 851 was filed by Respondent.  As of  April 16, 2001, there was record notice that  the Respondent would introduce Petitioner's prior drug related conviction.

10.  In August of 1991, Petitioner had been convicted after a guilty plea of possession with intent to distribute marijuana in a state court in Luna County, New Mexico.  21 U.S.C. § 851(e) precludes a challenge to a conviction occurring over five years before the date of the information alleging the prior conviction.

11.  At his plea on May 2, 2001, the Court advised Petitioner that the sentence which could be imposed was "a period of not less than ten years, nor more than life".  Tr. of Plea Hearing at 6.  Neither counsel for Petitioner nor for the Respondent made any comment to the Court as to the "not less than ten years" language in the Court's advice.

12. The plea agreement contains the following, to wit:

> At ¶ 4a.
> The Defendant understands that the maximum penalty the Court can impose is:
>
> imprisonment for a period of not less than ten (10) years nor more than life:(.)
>
> ...
>
> At ¶ 7 c.
> The United States and the Defendant stipulate as follows:
>
> The parties agree that the appropriate sentence in this case would be imprisonment for a period of not more than twenty (20) years.

13.  At his guilty plea Petitioner indicated that he had reviewed the plea agreement with his counsel, and that his counsel, with whom he was "fully satisfied", had "explained it [the plea agreement] all to me". Tr. of Plea hearing at 5.  Moreover, Petitioner's sentence did not exceed that which he agreed would be "appropriate."

14.  In light to the foregoing, Petitioner makes no credible showing that his counsel failed to inform him of the consequences of his plea, and his claim based on the ineffective assistance of his counsel for failing to so inform him is without merit.

15. In his fourth claim of ineffective assistance of counsel, Petitioner states that he was deprived of due process and the effective assistance of counsel when his attorney failed to have the Court conduct a competency hearing for him.

16. A competency hearing was held before the Honorable Howard C. Bratton, Senior District Judge on December 12, 1999, at which time Judge Bratton found Petitioner competent to stand trial. Tr. of Competency Hearing .. .of December 12, 1999, at 5. The hearing considered a report from the Federal Correctional Institution at Milan, Michigan, where Petitioner was sent for evaluation. Although Dunning's counsel may have considered an insanity defense (Tr. of Competency Hearing .. . of December 12, 1999, at 4), there is nothing in the record which suggests a basis for such a defense, nor does Petitioner allege that his counsel was ineffective on such grounds. Petitioner's fourth claim of ineffective assistance of counsel is without merit.

17. In his fifth claim of ineffective assistance of counsel, Petitioner states that his counsel was ineffective in that he did not provide Petitioner with the Rule 16 discovery he received from the prosecution.

18. Petitioner makes no assertion that obtaining the discovery provided to his counsel by the United States would have in any way altered his course of action in entering a plea of guilty.

19. Petitioner's argument fails the "prejudice" prong of the <u>Strickland</u> test. When a guilty plea has been entered, the "prejudice" prong of <u>Strickland</u> requires that a defendant show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

20. Petitioner's contention that his counsel's failure to turn over to Petitioner the discovery received from the United States amounted to constitutionally ineffective assistance of

counsel fails to meet this burden because Petitioner fails to point to any evidence that would have been discovered, much less any evidence that might have changed his plea. Thus Petitioner's fifth claim of ineffective assistance of counsel is without merit.

### Recommendation

I recommend that Petitioner's Motion to Vacate Sentence and Set Aside Plea of Guilty pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*[signature]*
UNITED STATES MAGISTRATE JUDGE